O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| LOUIE GUEVARA and ROSEMARIE GUEVARA,<br><br>            Plaintiffs,<br><br>   v.<br><br>WELLS FARGO BANK, N.A. DBA WELLS FARGO HOME MORTGAGE; and DOES 1–25, inclusive,<br><br>            Defendants. | Case № 2:16-cv-02385-ODW-E<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [11]** |

## I.   INTRODUCTION

Presently before the Court is Defendant Wells Fargo Bank's Motion to Dismiss Complaint.  (ECF No. 11.)  Because Plaintiffs Louie Guevara and Rosemarie Guevara ("Plaintiffs") have not filed any opposition, and for the reasons discussed in Defendant's papers, the Court **GRANTS** Defendant's Motion.[1]

## II.   FACTUAL BACKGROUND

This case arises out of a defaulted mortgage loan, impending foreclosure, and

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

related efforts to avoid and remedy said foreclosure, of Plaintiffs' property.  (Mot. 2.) Plaintiffs filed their Complaint in Ventura County Superior Court on March 26, 2016.  (ECF No. 1-1; "Compl.")  Defendant removed the action to this Court and filed the present Motion to Dismiss on May 13, 2016.  (ECF No. 11.)  To date, no Opposition has been filed.

### III.  LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV.  DISCUSSION

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion.  C.D. Cal. L.R. 7-9.  Additionally, Local Rule 7-12 provides

that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

Defendant's Motion to Dismiss was originally set for hearing on June 27, 2016, making any Opposition due on or before June 6, 2016. To date, no Opposition has been filed. Plaintiffs have therefore failed to comply with Local Rule 7-9, and pursuant to Local Rule 7-12, that failure will be deemed consent to granting of the motion. *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009) ("The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion." (quoting *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

Plaintiffs' Complaint alleges that Defendant induced Plaintiffs into securing an unaffordable loan and subsequently violated various provisions of the Homeowners Bill of Rights. (ECF No. 1-1.) Defendant argues that Plaintiffs failed to plead the required elements of every cause of action and failed to plead sufficient facts to constitute any claim for relief. The Court finds that Plaintiffs' failure to oppose the Motion to Dismiss is in effect a concession that their claims lack merit. As a result, and for the reasons discussed in Defendant's papers, dismissal of those claims without leave to amend is appropriate.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Wells Fargo Bank's Motion to Dismiss without leave to amend. (ECF No. 11.)

**IT IS SO ORDERED.**

June 27, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**